FILED

MAR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWIN DAVIS,** On behalf of himself and all others similarly situated, as defined herein,<br>10902 Bob White Drive<br>Houston, TX 77096<br><br>Plaintiff,<br><br>v.<br><br>**INPHONIC, INC.**<br>1010 Washington Ave, Ste. 600<br>Washington, DC 20007<br><br>Defendant. | CASE NUMBER  1:06CV00528<br><br>JUDGE: Ellen Segal Huvelle<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 03/21/2006<br><br>**Consumer Class Action Complaint**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURY ACTION**

## INTRODUCTION

Plaintiff Edwin Davis ("Representative Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge, information and belief, and based upon, among other things, the investigation made by his attorneys, alleges as follows:

## NATURE OF THE CLAIM

1. This consumer class action arises from InPhonic, Inc.'s ("InPhonic") deceptive and unlawful conduct in failing to honor rebates offered to its customers. Specifically, the Representative Plaintiff brings this class action on behalf of a Class of consumers who purchased products from InPhonic, or one of its subsidiaries, with the express understanding that they would receive cash rebates after the purchase of said products,

1

who properly requested the rebate in accordance with Defendant's instructions, and who have not received cash rebates from InPhonic. ("Class Members" refers to both the Representative Plaintiff and Members of the Class defined at paragraph sixteen (16) of this Complaint).   As a result of the Defendant's unlawful conduct by failing to deliver rebates, misrepresenting the benefits, and failing to honor the terms of its advertised rebate program, the Defendant has violated state consumer protection statutes and caused Class Members and the Representative Plaintiff to incur monetary damages.

2.  On behalf of himself and all others similarly situated, the Representative Plaintiff seeks relief, including: (a) an order certifying the action to be maintained as a Class action and ordering the Representative Plaintiff and the Representative Plaintiff's counsel to represent the Class; (b) compensatory and consequential damages; (c) punitive damages; (d) attorneys' fees; (e) costs of this suit; (f) pre and post judgment interest; and (g) such other and further relief as this Court may deem necessary or proper.

## THE PARTIES

3.  The Representative Plaintiff, Edwin Davis ("Representative Plaintiff"), resides at 10902 Bob White Drive, Harris County, located in Houston, Texas.  On or about January 2005, the Representative Plaintiff purchased a Motorola cellular telephone and signed a twelve (12) month service commitment with Verizon Wireless through Wirefly.com, a wholly owned subsidiary of InPhonic.  As an incentive to purchase these products and services through Wirefly.com, Davis was promised a $150 Customer Appreciation Rebate in addition to a $150 Customer Loyalty Rebate. The rebates

promised to the Davis totaled $300. Davis properly requested these cash rebates in accordance with Defendant's instructions and, over a year after his purchase, has still not received either of the rebates from the Defendant.

4. The Defendant, InPhonic, Inc., is a Delaware corporation which provides online wireless services and devices. The company operates in three segments: Wireless Activation and Services; Mobile Virtual Network Operator (MVNO) Services; and Data Services. The Wireless Activation and Services segment sells and activates wireless services and devices through private-labeled Web sites that it creates and manages for third parties, including online businesses, member-based organizations and associations, and national retailers. It also sells through its own branded web sites, such as Wirefly.com. The MVNO Services segment markets and sells its own branded wireless services to consumers based on wireless airtime minutes. The Data Services segment provides subscribers with wireless access to work and personal information, including email, calendar, corporate directories, personal contacts, and documents, as well as wireless entertainment and content. InPhonic is headquartered at 1010 Wisconsin Avenue, Suite 600, Washington, D.C. 20007.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(2005). This Court also has jurisdiction over the Defendant because a substantial portion of the wrongdoing alleged in this Complaint took place in this state and because the Defendant is authorized to do business here, has sufficient minimum contacts with this state, and/or otherwise intentionally avails itself of the markets in this state through the promotion, marketing and sale of its services in this state, to render the exercise of

3

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue in this Court is proper because the Defendant resides within the federal district of this Court.

## FACTUAL ALLEGATIONS

7. InPhonic was founded in 1997. InPhonic claims to be a leading online seller of wireless services and products. InPhonic sells services and goods and provides customer service through websites that it creates and manages for online businesses, national retailers, member-based organizations and associations under their own brands.

8. InPhonic also operates private-labeled, wireless plan comparison web sites, such as the one used by the Representative Plaintiff. These sites offer rebate incentives to encourage customers to purchase goods and services plans through them instead of directly from the wireless carriers. InPhonic has agreements with the six largest wireless carriers in the Unites States, as well as with several regional carriers, to sell their wireless devices and service plans. Collectively these carriers' networks cover 99.8% of the U.S. population.

9. The Defendant, through both advertising and at the point of sale to consumers, has represented that consumers will receive a cash rebate from Defendant if consumers make specific purchases, provided that the consumers submit rebate request paperwork within a certain time period, and under certain conditions.

10. In order to comply with the conditions of the rebates given by the Defendant, consumers must do the following:

4

- Provide name, address and contact information;
- Provide purchase date, order number and mobile phone number;
- Read, sign and date rebate form;
- Provide a copy of the dated sales receipt;
- Provide a copy of the 12 digit UPC barcode;
- Provide a copy of the wireless bill showing customer name, mobile number, and bill/invoice date (must be dated between 150 days after activation and 210 days after activation) for the relevant account showing any previous balance paid in full;
- Provide a copy of the Guide to Wireless Service included with the customer's shipment that provides details of service plan activated with phone; and
- Entries must be postmarked no earlier than 180 days after activation and no later than 210 days after activation.

11. According to the Defendant, once a rebate form is submitted in a timely manner with the appropriate documentation the consumer will receive a check for the amount of the cash rebate within 10-12 weeks of receipt of the rebate request.

12. Many consumers who have purchased products and service plans from the Defendant with the express understanding that they were to receive one or more cash rebates after the purchase of the products, and who have properly requested such a cash rebate in accordance with Defendant's instructions, have received no cash rebate.

13. Defendant is aware that many of its customers are not receiving the rebates they were promised but continue to ignore and/or deny their claims in order to enjoy the obvious significant financial gain of such conduct. InPhonic has knowledge of statistics that prove after one or more failed attempts to claim a rebate, consumers will eventually give up and stop their pursuit. So, instead of honoring its obligations as promised, the Defendant has chosen to delay, deny and/or otherwise make the process of claiming a rebate so timely and frustrating that consumers give up, therefore leaving the Defendant with a great financial gain all while passing the burden along to class members.

5

14. Edwin Davis, the Representative Plaintiff, purchased a Motorola cellular telephone, as well as a Verizon service plan, on January 11, 2005 through Wirefly.com, a web site owned and operated by the Defendant. On June 28th, 2005, Davis submitted all the necessary paperwork in order to claim both a Customer Appreciation Rebate and a Customer Loyalty Rebate, each valued a $150.00. After waiting the 10-12 weeks as indicated by the Defendant, Davis began to question whether or not he would receive the cash rebate promised to him and eventually Davis contacted InPhonic to inquire about the status of his request. He spoke with a customer service representative who informed him that she was unable to locate his records and that he should resubmit his forms. On November 2, 2005, Davis sent a second letter to InPhonic, along all the appropriate documentation, and again requested that he be mailed his rebate checks. On January 11, 2006, Davis inquired as to the status of his rebate request at www.rebate-zone.com and was informed online that his request was "invalid." Once again, Davis contacted InPhonic and even went to the trouble of having a Verizon sales representative fax a copy of his statement indicating that his account is, and has always been, in good standing. Despite Davis' extensive efforts to redeem the rebates promised him by the Defendant, the Representative Plaintiff has yet to receive the rebates to which he is owed.

15. The Defendant is aware of the consumer frustration caused by its failure to honor rebates. Due to the Defendant's lack of response in resolving this widespread problem, consumers have taken to posting their complaints on the internet, in an attempt to express their frustration and attempt to inform others about the problem:

**Examples of Consumer Frustration**

It's impossible to get rebates from these people. I have made two attempts by mail, one attempt by fax, and several attempts by phone to retrieve my entitled rebates. The rebates due are $200.00. My forms were mailed to specification on December 15, 2005. Upon follow up on January 17, 2006, I learned that both of my mailed rebates were lost by the US mail service (which is awfully peculiar). I was then asked to fax the forms directly to their rebate center. After doing so, I was told the fax would not be accepted because my original letters were not mailed via registered mail. I then re-mailed all documents in separate envelopes again via registered mail on January 18, 2006. On January 31, I checked the status of my rebates at their website and learned that only one was received and it was rejected. I have reason to believe that all forms are correct and legible. I do not see any reason for rejection. [1]

* * *

Never received my rebate. Wire fly refused my rebates because I sent them to[sic] early. I called them within the time frame and asked them to send me my paperwork and they said they would. I never received anything. I kept on calling the office of the president and they never responded. Finally when they did, they said the time expired to file the rebates. so I am out $150. I will never do business with wirefly again. and I will jump on any class action suit. The instructions on the rebates are so confusing with the amount of days you have to wait to submit the forms. Just tell the customer upfront they won't be getting the rebate. At least be honest[2]

* * *

The way I look at this is that they have designed this process so that the consumer loses. If I lose they gain since they get to keep the money they promised me in the form of a rebate. It's one of the most complained about companies-more than 1400 people have filed complaints about them in the last 3 years. That alone tells you something about this company.
Elaine, Hillsboro, Oregon[3]

* * *

---

[1] http://www.resellerratings.com/seller7831-p2-s1-d1.html#reviews
[2] http://reviews.cnet.com/5208-7817-0.html?forumID=74&threadID=29922&messageID=1666956

[3] http://www.badbusinessbureau.com/reports/ripoff177219.htm

7

Got scammed. They asked me to send in all rebate information postmarked 180-210 days after purchased. I did. Every time I contacted them (not an easy proposition) they kept promising the rebate and then later after making me wait 8 weeks saying their was a reason for not honoring the rebate.

When you contact them they send you to a different center, promise to correct issues but never do, ask you to resubmit materials and then make you wait, send you notices that don't reflect the issues they claim to deny your claim... the list goes on.

Don't expect a rebate from this company. They do everything they can to deny a claim and will try to discourage you from pursuing legitimate claims with delay tactics and incompetence. This is a dishonorable business model. [4]

\* \* \*

This is a awful company ! They scam their way out of paying rebates that are due to their customers. They owe me $200 and refuse to pay me although I followed all instructions on the rebates to the T !! There is a article on msnbsc.com about how bad they are and people are getting together a class action lawsuit against them. AVOID AT ALL COSTS [5]

\* \* \*

When I purchased a phone from them, they listed a $50 customer appreciation rebate, which required that I send the first 3 months of billing statements, plus the form, and the UPC code, and the invoice within 120 days (purchased 10/14/04, due 2/11/05). When I received my 3 statements, I photocopied the first page (as requested) and sent the entire package on approximately 2/4. However, I received a letter from the rebate company that said the request was not postmarked in time. My calls to Inphonic have not been returned. There are numerous complaints about Inphonics on the internet that indicate this is not a one-time mistake. [6]

---

[4] http://www.shopping.com/xMR-Wirefiv~MRD-315699~S-1~PG-5
[5] http://www.shopping.com/xMR-Wirefiv~MRD-315699~S-1~PG-6
[6] http://www.consumeraffairs.com/cell_phones/wirefly.html

8

* * *

## CLASS ACTION ALLEGATIONS

16. The Representative Plaintiff maintains this action on behalf of himself and a Class defined as:

> **All persons and entities who purchased goods and/or services, accompanied by one or more rebates, from Inphonic, Inc., or one of its subsidiaries.**
>
> **Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors, assigns, and employees, and (ii) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.**

17. The Class, as defined in paragraph sixteen (16), is identifiable.   The definition of the Class is unambiguous.  The Class can be identified through records in the control of the Defendant.  The Representative Plaintiff is a Member of the Class that he seeks to represent.  Class Members can be identified using the Defendant's records of retail sales and other information that is kept by the Defendant in the usual course of business and/or in the control of the Defendant. Records kept by the Defendant identify Class Members who purchased some product or service, with rebate, from Defendant . Class Members can be notified of the class action through publication and direct mailings to address lists maintained in the usual course of business by the Defendant.

18. Class Members are so numerous that their individual joinder is impracticable. Based upon Inphonic's historic sales, it is clear that Inphonic sold thousands, if not more, of products accompanied by rebates as an incentive for purchase. The precise



number of Class Members is unknown to the Representative Plaintiff, but it is clear that the number greatly exceeds the number to make joinder impossible.

19. Common questions of law and fact predominate over the questions affecting only individual Class Members. Some of the common legal and factual questions include:

      a.    Whether the Defendant fails to honor rebates;

      b.    Whether the Defendant has policies in place to deter customers from claiming rebates in a reasonable amount of time;

      c.    Whether the Defendant knew or should have known that the rebates that accompanying its products were not being honored;

      d.    Whether the Defendant engaged in illegal business practices by failing to honor rebates;

      e.    Whether the Defendant knowingly concealed the fact that they do not honor rebates in a timely manner;

      f.    Whether the Defendant purposely designed the procedure for claiming a rebate to be so cumbersome for consumers that they would likely give up without ever receiving any monetary compensation;

      g.    Whether the Defendant misrepresented that it had a price advantage in comparison to its competitors when they did not because its products were accompanied by a rebate that would never be honored;

      h.    The nature and extent of damages and other remedies to which the conduct of the Defendant entitles Class Members; and

      i.    Whether the Defendant violated state deceptive business practices statutes and/or consumer protection statutes.

20. The Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class Members. Similar or identical violations of

consumer protection statutes are involved.    Individual questions, if any, pale by comparison to the numerous common questions that dominate.

21. The injuries sustained by Class Members flow, in each instance, from a common nucleus of operative facts; the Defendant's misconduct.   In each case the Defendant failed to honor rebates given to its customers as incentives to purchase products.

22. Class Members have been damaged by the Defendant's misconduct. Class Members have purchased product(s) expecting to receive a cash rebate, without the knowledge that the rebate(s) would never be honored.

23. The Representative Plaintiff's claims are typical of the claims of the other Class Members. The Representative Plaintiff purchased product(s) from the Defendant expecting to receive a cash rebate(s), without the knowledge that the rebate(s) would never be honored by the Defendant.

24. The Representative Plaintiff will fairly and adequately protect the interests of the Class.   The Representative Plaintiff is familiar with the basic facts that form the bases of the Class Members' claims.   The Representative Plaintiff's interests do not conflict with the interests of the other Class Members that he seeks to represent. Indeed, the Representative Plaintiff's interests are aligned with all other InPhonic customers.      The Representative Plaintiff has retained counsel competent and experienced in class action litigation, and intends to prosecute this action vigorously. The Representative Plaintiff's counsel has successfully prosecuted complex class actions from start to both multi-million dollar jury awards and settlements for the class, has participated in the litigation of large, complex class action litigation and has served

as part of the lead counsel in class actions involving more than one (1) million class members.  The Representative Plaintiff and the Representative Plaintiff's counsel will fairly and adequately protect the interests of Class Members.

25.  The class action device is superior to other available means for the fair and efficient adjudication of the claims of the Representative Plaintiff and Class Members. The damages suffered by individual Class Members may total less than one hundred dollars per individual Class Member. Damages of such magnitude are small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of the Defendant.  Furthermore, it would be virtually impossible for Class Members to seek redress on an individual basis.  Even if the Class Members themselves could afford such individual litigation, the court system could not.

26.  Individual litigation of the legal and factual issues raised by the conduct of the Defendant would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the identical nature of Class Members' claims and the absence of material differences in the state statutes and common laws upon which Class Members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of the State Consumer Protection Laws)**

27. The preceding paragraphs of this complaint are realleged and incorporated by reference and asserted by Representative Plaintiff on behalf of himself and members of the Class.

28. Plaintiff and the members of the Class are consumers who purchased goods and/or services from Defendant for, *inter alia*, personal, family, or household purposes.

29. Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the promotion, and sale of goods and/or services to Representative Plaintiff and the proposed Class Members.

30. Defendant violated this duty by misrepresenting the actual cost of the goods and/or services due to the failure to honor cash rebates that were used as an incentive for purchase.

31. Plaintiff and members of the Class were directly and proximately injured by Defendant's conduct and would not have purchased goods and/or services and/or paid as much for them had they known the true nature of the sale.

32. Defendant's deceptive representations and material omissions to Plaintiff and the proposed Class Members were, and are unfair and deceptive acts and practices.

33. Defendant engaged in wrongful conduct while at the same time obtaining, under false pretenses, significant sums of money from Plaintiff and the proposed Class Members.

34. Plaintiff and Class Members were deceived by Defendant's misrepresentations.

13

35.  As a proximate result of the Defendant's misrepresentations, Plaintiff and the proposed Class Members have suffered an ascertainable loss and are entitled to relief, in an amount to be determined at trial.

36. Defendant's actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes listed below:

(a)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq.*;

(b)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, *et seq.*;

(c)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

(d)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*;

(e)   Defendant has engaged in unfair competition or unfair or deceptive or unlawful acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*; and Cal. Civ. Code § 1770 (a) (5), (7), and (9);

(f)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*;

(g)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*;

(h)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*;

14

(i)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*;

(j)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(k)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*;

(l)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

(m)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(n)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(o)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(p)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, *et seq.*;

(q)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(r)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

(s)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

(t)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

(u)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(v)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(w)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

(x)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

(y)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

(z)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(aa)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

(bb)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(cc)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(dd)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(ee)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(ff)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(gg)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(hh)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(ii)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(jj)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(kk)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(ll)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

(mm)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

(nn)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

(oo)    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

17

(pp)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

(qq)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

(rr)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

(ss)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

(tt)   .Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

(uu)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

(vv)   Defendant has engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

(ww)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

(xx)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

(yy)   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

37. Representative Plaintiff and members of the Class were injured by Defendant's conduct, which created artificial demand for products and services at an artificially discounted price. As a direct and proximate result of Defendant's unfair

methods of competition and unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual economic loss by paying for goods and services at an artificially discounted price.   The Representative Plaintiff and Class Members are entitled to damages, restitution, disgorgement, and/or such orders or judgments as may be necessary to restore to any person in interest, any money which may have been acquired by means of such unfair practices and to the relief set forth below.

## SECOND CAUSE OF ACTION

### (Violation of State Unjust Enrichment Common Laws)

38. The preceding paragraphs of this complaint are realleged and incorporated by reference and asserted by the Representative Plaintiff on behalf of himself and members of the Class.

39. To the detriment of the Representative Plaintiff and members of the Class, Defendant has been, and continues to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, *inter alia*, over-payments for goods and/or services.

40. Defendant has unjustly benefited through the unlawful and/or wrongful collection of, *inter alia*, over payments for goods and/or services and continues to so benefit to the detriment and at the expense of Plaintiff and members of the Class.

41. Accordingly, Plaintiff and members of the Class seek full restitution of the Defendant's enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff and Class Members request that the Court enter an order or judgment against Defendant including the following:

19

A.      Certification of the action as a Class Action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiff's claims for injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages; and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

B.      Damages in the amount of owed cash rebates offered to Class Members;

C.      Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

D.      Pre-judgment and post-judgment interest on such monetary relief;

E.      Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged in herein;

F.      Other appropriate injunctive relief;

G.      The costs of bringing this suit, including reasonable attorneys' fees; and

H.      All other relief to which Plaintiff and members of the Class may be entitled at law or in equity.

March 20, 2006

John A. Peca (D.C. Bar #400996)
japeca@climacolaw.com
Keith T. Vernon, Esq. (D.C. Bar #484246)
ktvern@climacolaw.com
John R. Climaco, Esq. (Ohio #0011456)
jrclim@climacolaw.com
Joseph P. Fegen, Esq. (Ohio #0065714)
jpfege@climacolaw.com

P. Wesley Lambert, Esq. (Ohio # 0076961)
pwlamb@climacolaw.com
**CLIMACO, LEFKOWITZ, PECA, WILCOX &
GAROFOLI CO., L.P.A.**
888 16th Street, N.W.
Suite 800
Washington, D.C. 20006
Telephone: (202) 349-9864
Facsimile: (202) 349-9867


David P. Meyer, Esq. (Ohio # 0065205)
Patrick G. Warner, Esq. (Ohio #0064604)
**DAVID P. MEYER & ASSOCIATES CO., LPA**
401 North Front Street, Suite 350
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

***Counsel for the Representative Plaintiff***