UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWIN DAVIS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 1:06cv00528-ESH |
| INPHONIC, INC., | ) Judge Ellen Segal Huvelle |
|       Defendant. | ) |

### DEFENDANT INPHONIC, INC.'S MOTION TO SET UNIFORM PRE-TRIAL DATES PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendant InPhonic, Inc. ("InPhonic") moves for enlargements of pre-trial deadlines: (i) for InPhonic to answer, move, or otherwise respond to Plaintiff's complaint; (ii) for the Plaintiff to move for class certification; and (iii) for the parties to conduct a Rule 26(f) discovery conference, and make Rule 26 initial disclosures. This lawsuit is one of seven overlapping putative class actions that arise out of wireless phone rebates offered by or through InPhonic. All seven lawsuits have been identified to the Judicial Panel on Multidistrict Litigation ("JPML") in connection with InPhonic's motion for pretrial transfer and consolidation pursuant to 28 U.S.C. § 1407. To promote efficiency in pretrial proceedings, and to facilitate coordination between this Court and the JPML, InPhonic seeks an order rescheduling:

(a) the date by which InPhonic must answer, move, or otherwise respond to Plaintiff's complaint until 20 days after the JPML issues its ruling on InPhonic's pending motion for transfer and consolidation;

 (b)  the date by which Plaintiff must move for class certification until further order of the Court following the JPML ruling; and

 (c)  the date by which the parties must conduct a Rule 26(f) discovery conference, and make Rule 26 initial disclosures, until further order of the Court following the JPML ruling.

InPhonic is separately moving for the entry of the same schedule in each of the related cases in which InPhonic has been served.

In support of this motion, InPhonic states the following:

1. On June 26, 2006, InPhonic filed a motion with the JPML to transfer and consolidate the following four related lawsuits:

 (a) *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.) ("*Davis*");

 (b) *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.) ("*Hongyi Yu*");

 (c) *Rock, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.) ("*Rock*"); and

 (d) *Sutherland v. InPhonic, Inc., et al.*, Case No. 1:06-cv-03281 (N.D. Ill.) ("*Sutherland*").

See *In re InPhonic, Inc., Wireless Phone Rebate Litigation*, MDL No. 1792; *see* Dkt. # 8 (notice of filing of InPhonic's JPML pleadings). These four putative class actions seek damages and other remedies resulting from the same alleged conduct—the manner in which InPhonic offered and processed rebates on wireless telephones purchased through InPhonic websites.

2. On July 6, 2006, InPhonic filed with the JPML a Notice of Related Actions, designating the following three additional, related lawsuits as potential "tag-along actions" pursuant to JPML Rules 7.2(i) and 7.5(e):

 (a) *Coxer v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01560 (D. Ariz.);

 (b) *Roquemore v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01664 (D. Ariz.); and

 (c) *Morales v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01671 (D. Ariz.).

To date in these three actions, only the *Coxer* complaint has been served on InPhonic. These complaints make allegations that are substantively identical to those made in the *Sutherland* complaint. Moreover, the alleged common questions of fact that pertain to the purported classes in these three complaints overlap with, or duplicate, the alleged class-wide common questions in the complaints in *Davis*, *Hongyi Yu*, and *Rock*.

3.  InPhonic currently has non-uniform deadlines to answer, move, or respond to the complaints in most of these seven lawsuits, to the extent that service has been made. Specifically:

| Case | Response Date |
|---|---|
| *Coxer* | July 24, 2006, pursuant to service of summons |
| *Davis* | July 21, 2006, pursuant to extension granted on motion made before InPhonic's motion for MDL consolidation |
| *Hongyi Yu* | July 21, 2006, pursuant to waiver of service of summons |
| *Morales* | InPhonic has not yet been served |
| *Rock* | July 28, 2006 (by stipulation) |
| *Roquemore* | InPhonic has not yet been served |
| *Sutherland* | August 15, 2006, pursuant to waiver of service of summons |

4.  When, as here, a motion for transfer and consolidation is pending before the JPML, courts have refrained from setting pre-trial schedules or conducting pretrial proceedings until the JPML has ruled.[1] The *Manual for Complex Litigation* is in accord. *See* MANUAL FOR COMPLEX

---

[1]   *See, e.g., Calder v. A.O. Smith Corp.*, 2004 WL 1469370, *1 (D. Minn. June 1, 2004) (granting plaintiff's motion to stay action on defendant's motion to dismiss pending JPML decision on propriety of MDL transfer because "'it may be advisable to defer certain matters until the panel has the opportunity to rule on transfer.' Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system.") (quoting MANUAL FOR COMPLEX LITIGATION § 31.131, at 252 (3d ed. 2000)); *Scott v. Bayer Corp.*, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004) (staying pretrial proceedings in "[d]eference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that

LITIGATION § 20.132, at 220-21 (4th ed. 2004) ("[I]t may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer. For example, there would be little purpose in entering a scheduling order while a conditional transfer order is pending.").

5. Moreover, if MDL consolidation is granted, the law of the transferee Circuit would govern pretrial matters, at least as to issues of federal law, including discovery and class certification. *See, e.g., In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175-76 (D.C. Cir. 1987), *aff'd on other grounds sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989); *see also Newton v. Thomson*, 22 F.3d 1455, 1460 (9th Cir. 1994); *In re Donald J. Trump Casino Litig.— Taj Mahal Litig.*, 7 F.3d 357, 368 n.8 (3d Cir. 1993); *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126 (7th Cir. 1993). It would be inefficient to subject InPhonic to the law of four different Circuits when the JPML may transfer the seven actions to one federal district court, which would apply only the law of its own Circuit.

6. For these reasons, InPhonic respectfully submits that judicial and party resources would be used most efficiently if a uniform scheduling order for pre-trial proceedings were to be set by the transferee court following MDL consolidation, if the JPML grants InPhonic's motion pursuant to 28 U.S.C. § 1407. In advance of the JPML's ruling— and even if the JPML were to deny InPhonic's motion— InPhonic respectfully submits that the Courts presiding over these seven overlapping lawsuits should coordinate these actions, and set uniform deadlines for near-term pre-trial proceedings. *See* MANUAL FOR COMPLEX LITIGATION § 21.15, at 263-64 (4th ed. 2004) ("Prior to overlapping federal cases being transferred [by the JPML], or if the federal cases are not

---

underlies the multidistrict litigation system") (citing MANUAL FOR COMPLEX LITIGATION, *supra*, § 31.131, at 252)); *Hernandez Castellanos v. Bridgestone Corp.*, 215 F. Supp. 2d 862, 866-67 (S.D. Tex. 2002) (denying plaintiffs' motion for scheduling order in case pending JPML determination regarding propriety of MDL transfer because "the purpose of MDL proceedings is to consolidate discovery on common issues"); *cf. In re Rezulin Products Liability Litig.*, 2000 WL 1530005, at *2 (S.D.N.Y. Oct. 16, 2000) (after MDL transfer, granting to "[e]ach defendant . . . an extension of time for responding by motion or answer to the complaints"; extending "time for the response or reply to any motion whether made in this court or in any transferor court is extended until a date or dates established by an appropriate scheduling order" of the MDL court).

transferred at all, coordination among the judges handling the cases may be critical. Such coordination can be informal, consisting of telephone calls or other communication to minimize conflicts in scheduling and to arrange for the results of discovery to be used in all or most of the related cases. Some judges prefer more formal procedures, such as orders entered in related cases that establish a coordinated schedule and arrangements for discovery and motions practice. ... The pendency of overlapping or duplicative cases in other courts [also] may affect the timing of the certification decision. If transfer to a multdistrict litigation (MDL) proceeding is likely, it is usually best to defer certification until the MDL panel acts.").

7. By letter dated July 6, 2006, counsel for InPhonic sought the consent of plaintiffs' counsel in all seven of the related cases to a motion setting uniform deadlines for InPhonic's response to the complaints, and for plaintiffs' motions for class certification. Of the responses InPhonic received, none either opposed or consented to the uniform deadlines that InPhonic had proposed. Certain responses made the counter-proposal that all parties file their Rule 26 initial disclosures on the earliest date for doing so that applies in any of the seven lawsuits. InPhonic respectfully submits that a uniform deadline should be set for Rule 26 initial disclosures, but only after a Rule 26(f) conference that addresses the sequencing of pre-certification and merits discovery after the JPML rules.

8. Rule 26 disclosures are only one item to be discussed and coordinated at a Rule 26(f) discovery conference among the parties. *See* Fed. R. Civ. P. 26(f). Among other things, the discovery plan in these seven actions should take account of plaintiffs' requests for class certification, and should address whether certification-related discovery should precede merits discovery of any type, including initial disclosures. *See* MANUAL FOR COMPLEX LITIGATION, *supra*, § 21.14, at 256 ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. ... Allowing some merits discovery during the precertification period is

generally more appropriate for cases that are large and likely to continue even if not certified. On the other hand, in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden. . . . It is often useful under Rule 26(f) to require a specific and detailed precertification discovery plan from the parties."). InPhonic therefore respectfully submits that it would be more efficient for the parties to conduct a Rule 26(f) discovery conference, and to make Rule 26 initial disclosures, only after the JPML rules and there is a coordinated schedule for class certification proceedings, including precertification discovery.

9.   In light of the foregoing, InPhonic respectfully requests that this Court (a) grant InPhonic an enlargement of time to answer, move, or otherwise respond to Plaintiff's complaint until 20 days after the JPML rules on InPhonic's pending motion for MDL consolidation; (b) postpone the date by which Plaintiff must move for class certification until further order of the Court following the JPML ruling; and (c) postpone the date by which the parties must conduct a Rule 26(f) discovery conference, and make Rule 26 initial disclosures, until further order of the Court following the JPML ruling.

Dated: July 12, 2006
     Washington, D.C.

/s/
_____
Mitchell R. Berger (DC Bar # 385467)
Christopher W. Hellmich (DC Bar # 468840)
Ugo Colella (DC Bar # 473348)
**PATTON BOGGS LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
*Attorneys for Defendant*
*InPhonic, Inc.*